UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OLIVIA J. COOLEY )<br>    Plaintiff )<br>    )<br>v. )<br>    )<br>BANK OF AMERICA, N.A. )<br>    Defendant )<br>_____ ) | CIVIL ACTION NO.<br><br>TRIAL BY JURY DEMANDED<br><br>AUGUST 9, 2017 |

## COMPLAINT

### I.   INTRODUCTION

1. This is a suit brought by a consumer under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Connecticut Creditor's Collections Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.* ("CCPA"), against Bank of America, N.A.

### II.   PARTIES

2. Plaintiff Olivia J. Cooley ("Cooley") is an individual and a consumer residing in Stamford, Connecticut.

3. Defendant Bank of America, N.A. ("BoA") is a national bank with headquarters in Charlotte, North Carolina and is also a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s.

### III.   JURISDICTION

4. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This court has jurisdiction over BoA because it is registered to do business in Connecticut and regularly conducts business in this state, including the transaction subject to the instant suit.

6. Venue in this court is proper because the Plaintiff resides in Connecticut and the claims involve a transaction that occurred in this state.

## IV.   FACTUAL ALLEGATIONS

7. Cooley owned a 2010 Ford Fusion (the "Fusion") that was subject to a retail installment sales contract (the "Contract") that was assigned to BoA.

8. As part of the transaction, Cooley purchased a GAP Addendum providing that in the event the Vehicle was declared a total loss, the assignee would accept the insurance proceeds in full satisfaction of the amount owed on the retail installment contract.

9. On May 3, 2016, the Fusion was involved in an accident and was declared a total loss.

10. Progressive Insurance paid BoA $6,488.07 as insurance proceeds under the insurance policy for the Fusion on May 27, 2016.

11. There remained an outstanding balance on the Fusion of $5,101.93, which was not owed by Plaintiff due to the GAP Addendum.

12. On July 12, 2016, Cooley received a past-due letter from BoA regarding payments on the Fusion.

13. On September 7, 2016, Cooley received a pay-off letter from BoA informing her that the account regarding the Fusion had a zero balance and that it was releasing its security interest.

14. Upon receiving this letter, Plaintiff reasonably believed that the matter was resolved with BoA.

15. In April 2017, Plaintiff obtained her credit reports from the three Credit Reporting Agencies (CRAs), Experian, Equifax and TransUnion and discovered that BoA was reporting a delinquency on the account due to the payments that would have become due but for the GAP Addendum.

16. On May 2, 2017, Cooley sent dispute letters to these three CRAs disputing BoA's reporting, and she requested that the CRAs conduct an investigation of this trade line.

17. The CRAs contacted BoA requesting that it conduct an investigation of the debt and, on information and belief, forwarded Cooley's dispute letter informing BoA of its breach of the GAP Addendum.

18. BoA erroneously reported back on or around June 1, 2017 to the CRAs that the reporting was accurate, and the derogatory trade line remained on Cooley's credit reports.

19. On June 22, 2017, Cooley sought credit from JPMorgan Chase Bank, N.A. ("Chase Bank").

20. Cooley was denied credit from Chase Bank in whole or in part due the erroneous BoA trade line showing a serious delinquency on her Trans Union credit report.

21. Also on June 22, 2017, Cooley sought credit from Quicken Loans Inc. ("Quicken Loans").

22. Cooley was denied credit from Quicken Loans in whole or in part due the erroneous BoA trade line showing a serious delinquency on her Experian credit report.

## V.    CAUSES OF ACTION

**COUNT ONE – VIOLATION OF FAIR CREDIT REPORTING ACT**

23. BoA is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b) and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

24. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from CRAs that the information on the Cooley's consumer report was disputed as inaccurate, BoA had a duty to conduct an investigation with respect to the disputed information and review all relevant information provided by the CRAs.

25. Had BoA conducted an investigation it would realized that Cooley's GAP addendum was in place and that there was no delinquency on her account.

26. BoA violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists.

27. BoA is liable for its negligent conduct to Cooley for actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

28. BoA is liable for its willful conduct to Cooley for statutory damages pursuant to 15 U.S.C. § 1681n(a)(1).

29. BoA is liable for punitive damages pursuant to 15 U.S.C. § 1681(a)(2).

30. BoA is liable for a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o(a)(2).

**COUNT TWO – VIOLATION OF CCPA**

31. BoA violated the CCPA by failing to conduct an investigation into Plaintiff's dispute.

32. BoA violated the CCPA by misrepresenting the character, amount or legal status of the debt in violation of Conn. Agencies Reg. § 36a-647-6(2)(A) when it represented to Cooley that she had an outstanding balance and subsequent delinquency on her account.

33. BoA violated the CCPA by misrepresenting the character, amount or legal status of the debt in violation of Conn. Agencies Reg. § 36a-647-6(2)(A) when it represented to the CRAs that Cooley had a delinquency on her account.

34. For BoA's violations of the CCPA, Plaintiff is entitled to damages, statutory damages of up to $1,000, attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648.

**COUNT THREE – BREACH OF CONTRACT**

35. By failing to honor the GAP Addendum, BoA breached the Contract with Plaintiff.

36. Plaintiff has been damaged by BoA's breach.

37. BoA is liable to Plaintiff for said damages.

WHEREFORE, Plaintiff Cooley claims actual damages, statutory damages of up to $1,000 under the FCRA and up to $1,000 under the CCPA, attorney's fees and costs, and an order that BoA requests the deletion of the negative trade line with all Consumer Reporting Agencies presently reporting the delinquency.

        PLAINTIFF, OLIVIA J. COOLEY

        By: /s/ *Daniel S. Blinn*
           Daniel S. Blinn (ct02188)
           Consumer Law Group, LLC
           35 Cold Spring Rd. Suite 512
           Rocky Hill, CT  06067
           Tel. (860) 571-0408
           Fax. (860) 571-7457
           dblinn@consumerlawgroup.com